**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| LOYAL AMERICAN LIFE INSURANCE COMPANY, | § | |
| *Plaintiff,* | § | |
| vs. | § | CAUSE NO. 1:18-cv-00408 (RP) |
| BENE MARKET LLC, STEPHANIE F. MILLER, | § | |
| *Defendants-Crossclaim Defendants,* | § | |
| and MICHAEL HOWARD | § | |
| *Defendant-Crossclaim Plaintiff.* | § | |

**PLAINTIFF'S FIRST AMENDED MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANTS BENE MARKET LLC AND STEPHANIE F. MILLER**

**TO THE HON. ROBERT L. PITMAN, U.S. DISTRICT JUDGE:**

Under Rule 55(b) of the Federal Rules of Civil Procedure, Plaintiff Loyal American Life Insurance Company ("Loyal" or "Plaintiff"), moves the Court for entry of a default judgment against Defendants Bene Market LLC ("Bene Market") and Stephanie F. Miller ("Miller") for failure to appear or plead in response to, or otherwise defend against, Loyal's *Original Complaint* (the "Original Complaint") (Doc. 1)[1] or the *First Amended Complaint* (the "Complaint") (Doc. 24) within the time prescribed by Rule 12 of the Federal Rules of Civil Procedure. In support of the relief requested in this motion ("Motion"), Plaintiff respectful shows the following:

## I. PROCEDURAL BACKGROUND

This is a debt collection lawsuit that Loyal commenced by filing its Original Complaint

[1] References to docket entries are to those filed in the above-referenced Cause No. 1:18-cv-00408 (RP) unless otherwise noted.

on May 14, 2018, against Defendants Bene Market, Miller, and Michael Howard ("Howard"). (Doc. 1). Summonses issued as to all Defendants that same day. (Doc. 4). The basis of Loyal's claims against the Defendants is that Loyal advanced them funds in anticipation of future commissions being earned to repay the advances, commissions sufficient to repay the advanced funds never materialized, and the Defendants breached their contractual obligations to repay the advanced funds.

Loyal served Defendant Bene Market with process on May 17, 2018, as demonstrated by the proof of service filed with this Court. (Doc. 5). The deadline for Bene Market to answer, defend, or otherwise respond to the Original Complaint pursuant to Federal Rule of Civil Procedure 12(a)(1)(A)(i) was June 7, 2018. (*Id.*). That deadline passed and Bene Market failed to file an answer, appear to defend, or otherwise respond to the Original Complaint as required by the Federal Rules of Civil Procedure. Accordingly, on June 20, 2018, Loyal filed its *Motion for District Clerk's Entry of Default Against Defendant Bene Market LLC*, along with the supporting affidavit thereto. (Doc. 7). On June 21, 2018, a *Clerk's Entry of Default* entered against Defendant Bene Market declaring it in default. (Doc. 8).

Loyal served Defendant Miller with process on June 4, 2018, as demonstrated by the proof of service filed with this Court. (Doc. 6). The deadline for Miller to answer, defend, or otherwise respond to the Original Complaint pursuant to Federal Rule of Civil Procedure 12(a)(1)(A)(i) was June 25, 2018. (*Id.*). That deadline passed and Miller failed to file an answer, appear to defend, or otherwise respond to the Original Complaint as required by the Federal Rules of Civil Procedure. Accordingly, on July 30, 2018, Plaintiff filed its *Motion for District Clerk's Entry of Default Against Defendant Stephanie Miller*, along with the supporting affidavit

thereto. (Doc. 9). On July 30, 2018, a *Clerk's Entry of Default* entered against Defendant Miller declaring her in default. (Doc. 10).

On November 25, 2018, Loyal filed its live Complaint to assert an additional cause of action against Defendant Howard. (Doc. 24). The live Complaint, however, asserted identical factual allegations and claims against the Bene Market and Miller as previously set forth in the Original Complaint. (*See* Doc. 24 at ¶¶ 7–45 and n.2).[2]

With the District Clerk having entered defaults against Defendants Bene Market and Miller (Docs. 8 and 10) (collectively, the "Entries of Default") pursuant to Federal Rule of Civil Procedure 55(a), Loyal now seeks entry of default judgments against Defendants Bene Market and Miller pursuant to Federal Rule of Civil Procedure 55(b).

On December 20, 2019, Loyal filed its original motion for default judgment. (*See* Doc. No. 51). On June 15, 2020, The Honorable Mark Lane issued a report and recommendation recommending that the motion for default judgment be denied without prejudice because it was not accompanied by an affidavit indicating whether Miller is in military service. (*See* Doc. No. 58 at p. 5). Accordingly, attached hereto as **<u>Exhibits B and B.1</u>**, and incorporated herein by reference, is an affidavit stating that Miller is not in military service and is not a minor or an incompetent person, and further documentation concerning Miller's lack of military service, respectively.[3]

---

[2] The only addition in the live Complaint was that as of the time of its filing interest accrual caused the underlying debt to increase from $146,752.00 to $152,488.45 since the filing of the Original Complaint. (*See* Doc. 24 at n.4). This interest accrual increasing the amount of the debt was already the subject of Loyal's prayer for relief in the Original Complaint seeking judgment of "*not less than* $146,752.00, plus all applicable interest, default interest, and pre- and post-judgment interest at the highest lawful rate" (*see* Doc. 1 at p. 14) (emphasis added), so the restated, and more current, debt amount in the live Complaint did not alter the relief Loyal seeks from Bene Market and Miller.

[3] Because Miller has submitted to the Court a signed pro se answer to Howard's cross-claims (*see* Doc. 25, Howard's *Notice of Filing* containing Miller's answer to Howard's cross-claims), Loyal respectfully submits Miller has "appeared" in this matter for purposes of rendering 50 U.S.C. § 3931(b)(1), which the report and recommendation relied upon, inapplicable, *see* 50 U.S.C. § 3931(a) ("This section applies to any civil action or

## II. ARGUMENTS AND AUTHORITIES

Loyal is entitled to entry of a default judgment against Defendants Bene Market and Miller based on the allegations in the Complaint, and in the amount of not less than $162,166.32, plus all pre- and post-judgment interest and costs and attorneys' fees.[4] "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, . . . the clerk must enter the party's default." FED. R. CIV. P. 55(a). "After defendant's default has been entered," as is the case here, "plaintiff may apply for a judgment based on such default. This is a *default judgment.*" *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996) (emphasis in original); FED. R. CIV. P. 55(b)(2).

Through the District Clerk's Entries of Default, Bene Market's and Miller's "default is considered an admission of the plaintiff's well-pleaded allegations of fact related to liability." *Rabin v. McClain*, 881 F. Supp. 2d 758, 768 (W.D. Tex. 2012) (citing *Jackson v. FIE Corp.*, 302 F.3d 515, 524 (5th Cir. 2002)). In considering a motion for default judgment, the court accepts as true the well-pleaded allegations of facts in the Complaint, except regarding damages. *U.S. For Use of M-CO Const., Inc. v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987). When, at minimum, "all elements of [a] cause of action are present by implication," a complaint is "well-pleaded" for default judgment purposes. *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 499 (5th Cir. 2015). Accordingly, here the allegations of the instant Complaint (Doc.

---

proceeding, . . . in which the defendant does not make an appearance."). Loyal nonetheless submits Exhibits B and B.1 regarding Miller's lack of military service in an abundance of caution and in accordance with the recommendation. Further, as noted below, notwithstanding Miller's submission of an answer to Howard's cross-claims, Miller has "failed to plead or otherwise defend" against Loyal's claims against her, rendering default judgment appropriate. *See* FED. R. CIV. P. 55(a).

[4] The current amount of the debt, including interest at the rates set forth in the underlying agreements, totaled $162,166.32 as of December 2, 2019, as more fully set forth by the declaration of John Welliver (the "Welliver Declaration") attached hereto as **Exhibit A** and incorporated herein by reference.

24) are deemed admitted and provide the requisite factual predicate to issue the requested relief. *See id.*

In determining whether a default judgment should be entered against a defendant, courts within the Fifth Circuit and this judicial district have developed a three-part analysis. *E.g.*, *United States v. Rod Riordan Inc.*, No. MO:17-CV-071-DC, 2018 WL 2392559, at *2–3 (W.D. Tex. May 25, 2018); *Melendrez v. Alpha Nursing & Therapy, LLC*, No. 5:15-CV-519-RP, 2018 WL 507079, at *2 (W.D. Tex. Jan. 22, 2018) (Pitman, J.) (citation omitted); *J & J Sports Prods., Inc. v. Morelia Mexican Rest., Inc.*, 126 F. Supp. 3d 809, 813–14 (N.D. Tex. 2015) (citing *United States v. 1998 Freightliner Vin #: 1FUYCZYB3WP886986*, 548 F. Supp. 2d 381, 384 (W.D. Tex. 2008)); *Boost Worldwide, Inc. v. Cobos*, No. EP-12-CV-0342-KC, 2012 WL 12881968, at *2 (W.D. Tex. Dec. 21, 2012); *United States v. Giles*, 538 F. Supp. 2d 990, 993 (W.D. Tex. 2008).

First, the court must consider whether entry of default judgment is procedurally appropriate under the circumstances. *Melendrez*, 2018 WL 507079, at *2; *Giles*, 538 F. Supp. 2d at 993. In performing this first step, "district courts in the Fifth Circuit consider six factors" derived from the Fifth Circuit's decision in *Lindsey v. Prive Corporation*, 161 F.3d 886 (5th Cir. 1998). *Melendrez*, 2018 WL 507079, at *2 (quoting *Lindsey*, 161 F.3d at 893). Second, the Court must assess the merits of the plaintiff's claims and find sufficient basis in the pleadings and in the evidence submitted in support of the judgment. *Id.*; *see also Wooten*, 788 F.3d at 500. Third, the Court determines what form of relief Loyal is entitled to receive. *Id.* Each of these steps in the analysis are addressed in turn and demonstrate that Loyal is entitled to entry of a default judgment in its favor against Defendants Bene Market and Miller.

**A. Entry of a Default Judgment Against Bene Market and Miller is Procedurally Appropriate Under These Circumstances.**

As noted, in considering the first part of the analysis of whether entry of a default judgment against Bene Market and Miller is procedurally appropriate under the circumstances, courts within the Fifth Circuit consider the following six so-called *Lindsey* factors:

> [1] whether material issues of fact are at issue, [2] whether there has been substantial prejudice, [3] whether the grounds for default are clearly established, [4] whether the default was caused by a good faith mistake or excusable neglect, [5] the harshness of a default judgment, and [6] whether the court would think itself obliged to set aside the default on the defendant's motion.

*Melendrez*, 2018 WL 507079, at *2 (quoting *Lindsey*, 161 F.3d at 893); *see also Boost Worldwide, Inc.*, 2012 WL 12881968, at *2 (quoting *Lindsey*, 161 F.3d at 893). Examination of these factors demonstrates that entry of a default judgment is procedurally appropriate under the circumstances.

***(i) No material issues of fact are at issue.***

Bene Market and Miller have not filed an answer or otherwise responded to the Complaint. Under identical circumstances involving a defendant's failure to file responsive pleadings, courts have found no material facts to be in dispute. *See Nautilus Ins. Co. v. A Best Am. Roofing, LLC*, No. EP-18-CV-320-PRM, 2019 WL 1473140, at *3 (W.D. Tex. Apr. 3, 2019) (finding "no material issues of fact exist because Defendant failed to respond or plead"); *Rod Riordan Inc.*, 2018 WL 2392559, at *3 (citing *Lindsey*, 161 F.3d at 893; *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)); *Morelia Mexican Rest., Inc.*, 126 F. Supp. 3d at 814; *Hanover Ins. Co. v. Red Cliff, Inc.*, No. EP-14-CV-85-PRM, 2014 WL 10121215, at *4 (W.D. Tex. Oct. 7, 2014); *Tex. Guaranteed Student Loan Corp. v. Cmty. Check Cashing, LLC*, No. SA-13-CV-00390-DAE, 2013 WL 4400885, at *2 (W.D. Tex. Aug. 14, 2013); *cf. Melendrez*, 2018 WL 507079, at *2 (finding that a defendant "placed material facts at

issue by filing an answer denying [plaintiff's] claims"). Indeed, by virtue of their default, Bene Market and Miller are deemed to admit Plaintiff's well-pleaded allegations of fact. *See Nishimatsu Constr.*, 515 F.2d at 1206. The first *Lindsey* factor favors entry of a default judgment.

***(ii) No substantial prejudice will result from entry of a default judgment against Bene Market and Miller.***

The prejudice prong favors Loyal because "the Defendants' respective failures to respond threaten to bring the adversary process to a halt, effectively prejudicing [Loyal's] interests." *Rod Riordan Inc.*, 2018 WL 2392559, at *3 (citing *Lindsey*, 161 F.3d at 893); *Nautilus Ins. Co.*, 2019 WL 1473140, at *3 (same); *Morelia Mexican Rest., Inc.*, 126 F. Supp. 3d at 814 (same); *Cmty. Check Cashing, LLC*, 2013 WL 4400885, at *2 (same); *Ins. Co. of the W. v. H & G Contractors, Inc.*, No. CIV.A. C-10-390, 2011 WL 4738197, at *3 (S.D. Tex. Oct. 5, 2011) (same). Entry of the default judgment will alleviate this prejudice on Loyal because it will enable Loyal to continue protecting its "interests in pursuing its rights afforded by law." *John Perez Graphics & Design, LLC v. Green Tree Inv. Grp., Inc.*, No. 3:12-CV-4194-M, 2013 WL 1828671, at *3 (N.D. Tex. May 1, 2013) (citing *Lindsey*, 161 F.3d at 893). Moreover, Bene Market and Miller cannot be found to have been prejudiced because they have failed to contest any of Loyal's allegations against them. *See Nautilus Ins. Co.*, 2019 WL 1473140, at *3 (finding "Defendant does not incur substantial prejudice because it failed to contest any of the allegations"). The second *Lindsey* factor favors entry of a default judgment.

***(iii) The grounds for default were clearly established in connection with the District Clerk's Entries of Default.***

Regarding the third *Lindsey* factor, the grounds for default were "clearly established" in Loyal's motions for the District Clerk to enter the Entries of Default because Bene Market and Miller (a) were served with the summonses and Complaint, as demonstrated by the proof of

service for both parties on file with the Court, and (b) did not file an answer or otherwise respond after being served with the summonses and Complaint. (*See* Docs. 8 and 10); *Nautilus Ins. Co.*, 2019 WL 1473140, at *3 (finding "Plaintiff's service and Defendant's failure to appear establish grounds for default judgment" under third *Lindsey* factor). Bene Market has never filed *anything* with the Court following the Entries of Default. Miller has also never filed anything with the Court concerning Loyal's claims against her.[5]

In these circumstances, the grounds for Bene Market and Miller's default have been "clearly established." *See Nautilus Ins. Co.*, 2019 WL 1473140, at *3; *Rod Riordan Inc.*, 2018 WL 2392559, at *3 (finding that default judgment is appropriate if defendants are totally unresponsive and the failure to respond is plainly willful, as reflected by the parties' failure to respond either to the summons and complaint, the entry of default, or the motion for default judgment) (citing *J.D. Holdings, LLC v. BD Ventures, LLC*, 766 F. Supp. 2d 109, 113 (D.D.C. 2011)). The third *Lindsey* factor favors entry of a default judgment.

***(iv) There is no evidence here that Bene Market's or Miller's default was caused by a good faith mistake or by excusable neglect.***

Fourth, there is no evidence before the Court to indicate that Bene Market and Miller's silence is the result of a "good faith mistake or excusable neglect." *Lindsey*, 161 F.3d at 893. As alleged in the Complaint, Bene Market and Miller have received repeated notifications of the delinquent debt and Loyal's intention to seek legal remedies prior to filing this lawsuit. (Doc. 24 at ¶¶ 22–25); *see Boost Worldwide, Inc.*, 2012 WL 12881968, at *3 (finding pre-suit notice of intention to pursue legal action negated any assertions of good faith mistake or excusable neglect by defendant). Both Bene Market and Miller were also served with process by Loyal that

[5] The only filing ever submitted by Miller was answer to the cross-claims asserted against her by co-Defendant Howard, which was passed along to the Court by counsel to Howard. (*See* Doc. 25, Howard's *Notice of Filing* containing Miller's answer to Howard's cross-claims).

notified them of the lawsuit. (Docs. 5 and 6). They were served with process and notified of this lawsuit a *second time* when Howard asserted cross-claims against both of them. (Docs. 36–38). Bene Market and Miller failed to take action in connection with these prior notifications, including failing to remit any payments to Loyal, and their failure to respond to the Original Complaint or the live Complaint is a continuation of this course of conduct.

There is no evidence of good faith mistake or excusable neglect here, and to the contrary, Bene Market's and Miller's failure to take action despite receipt of repeated notices of this lawsuit evidences "behavior [that] is not indicative of a good faith mistake or excusable neglect." *Boost Worldwide, Inc.*, 2012 WL 12881968, at *3. The fourth *Lindsey* factor favors entry of a default judgment.

***(v) The harshness of a default judgment is mitigated by the amount of time Bene Market and Miller have had to respond to Loyal's Complaint.***

A protracted period of time to respond to a lawsuit mitigates the harshness of a default judgment. *See Rod Riordan Inc.*, 2018 WL 2392559, at *3; *Cmty. Check Cashing, LLC*, 2013 WL 4400885, at *3; *Tex. Guaranteed Student Loan Corp. v. Worldwide Language & Commc'n, LLC*, No. SA–13–CA–714–DAE, 2014 WL 12661993, at *2 (W.D. Tex. Jan. 28, 2014), *report and recommendation adopted*, No. SA–13–CV–714–DAE, 2014 WL 12661892 (W.D. Tex. Feb. 10, 2014). Bene Market and Miller were first served with process in this case on May 17, 2018, and June 4, 2018, respectively (*see* Docs. 5 and 6), and both have had in excess of 18 months to prepare a response and a defense. *See Rod Riordan Inc.*, No. MO:17-CV-071-DC, 2018 WL 2392559, at *3 (W.D. Tex. May 25, 2018) (finding "any purported harshness of a default judgment is mitigated by the Defendants' inaction for this protracted period [of over a year]"); *Cmty. Check Cashing, LLC*, 2013 WL 4400885, at *3 (recognizing three and five month delays

of defendants not responding to allegations in complaints mitigated harshness of default judgment). The fifth *Lindsey* factor favors entry of a default judgment.

***(vi) Loyal is not aware of any facts that would obligate the Court to set aside the default judgment.***

Finally, courts recognize that an absence of awareness of any facts giving rise to setting aside a default judgment satisfies the sixth *Lindsey* factor. *See Rod Riordan Inc.*, 2018 WL 2392559, at *3; *Melendrez*, 2018 WL 507079, at *2; *Morelia Mexican Rest., Inc.*, 126 F. Supp. 3d at 814. Loyal is aware that neither Bene Market or Miller are a minor or an incompetent person, so the concerns about entering default judgments against those categories of persons do not apply here. FED. R. CIV. P. 55(b)(2); *see also* Ex. B at p. 2. Neither Bene Market or Miller are in military service either. *See* Exs. B and B.1. As it did with its original motion for default judgment, Loyal is also serving Bene Market and Miller with copies of this Motion in an abundance of caution, as evidenced by the certificate of service hereto. Loyal is not aware of any facts that might give rise to any "good cause" argument to set aside a default judgment if challenged by Bene Market and Miller.

Application of all six *Lindsey* factors demonstrates that entry of a default judgment here in favor of Loyal is not procedurally improper under these circumstances.

**B. There is a Sufficient Basis in the Pleadings and the Evidence Submitted Herewith to Support Entry of a Default Judgment Against Bene Market and Miller.**

The next step in the analysis is for the Court to assess the merits of Loyal's claims and find a sufficient basis in the pleadings and in the evidence submitted in support of the default judgment. *See Wooten*, 788 F.3d at 500. Loyal has pleaded a single cause of action against Bene Market and Miller for breaching their repayment obligations under a promissory note. (Doc. 24 at ¶¶ 27–35). Accordingly, default judgment in Loyal's favor "is proper . . . if the well-pleaded factual allegations in [Loyal's] complaint establish a valid cause of action" against Bene Market

and Miller for breach of the promissory note. *Melendrez*, 2018 WL 507079, at *2 (citing *Nishimatsu Constr. Co.*, 515 F.2d at 1206). To determine whether Loyal's cause of action satisfies the well-pleaded complaint rule, this Court will apply the same familiar standard set forth in "Rule 8, which sets forth the standards governing the sufficiency of a complaint." *Wooten*, 788 F.3d at 498.

To recover on its claim for breach of the Promissory Note against Bene Market and Miller, Loyal must have pleaded that (1) Bene Market and Miller signed the promissory note, (2) Loyal is the present owner or holder, and (3) the note is in default. *United States v. Giles*, 538 F. Supp. 2d 990, 994 (W.D. Tex. 2008); *United States v. Lawrence*, 276 F.3d 193, 197 (5th Cir. 2001) (citing *F.D.I.C. v. Selaiden Builders, Inc.*, 973 F.2d 1249, 1254 (5th Cir. 1993)).

Loyal's Complaint readily satisfied these elements. Paragraphs 29 and 30 of the Complaint alleged that both Bene Market and Miller signed the promissory note in their corporate and individual capacities, respectively. (Doc. 24 at ¶¶ 29–30). The promissory note, along with the other agreements integrated into the underlying transaction, was also attached to the Complaint at Exhibit A, containing Miller's electronic signature in her own individual capacity and on behalf of Bene Market and that they "hereby agree to be bound by all terms and conditions of said [Promissory Note]." (Doc. 24-1 at p. 4, Ex. A to Compl.). Miller's electronic signature is further confirmable by the fact that it was accompanied by a stamp of the IP address of the computer, numbered 50.244.228.169, used to electronically sign the promissory note and accompanying agreements. *See id.*; *see also* Welliver Dec. at ¶ 6.

That Loyal is the present owner and holder of the promissory note is established by (a) Loyal's allegation in the Complaint that "Plaintiff is the holder of the Promissory Note"; (b) Loyal's attachment of the promissory note to the Complaint as an exhibit; and (c) the

declaration of Loyal representative John Welliver attached hereto, which attests that Loyal remains the owner and holder of the promissory note. *See* Doc. 24 at ¶ 31; Doc. 24-1 at pp. 4, 19–20; *see also* Welliver Dec. at ¶ 7; Exs. A.1–A.2.

Bene Market's and Miller's defaults are also more than sufficiently pleaded in the Complaint. The Complaint asserts that Loyal sent multiple notices to Bene Market and Miller demanding repayment of the debt due under the promissory note. (Doc. 24 at ¶¶ 22–25).[6] The Complaint also identifies the specific events of default under the promissory note that triggered Loyal's right to repayment of the advanced funds. (*Id.* at ¶¶ 24, 33). Once the events of default were triggered and the repayment demands were made, the Complaint alleges that Bene Market and Miller "are therefore currently in default of their obligations and responsibilities under the Promissory Note. These defaults have not been cured." (*Id.* ¶ 24). The Complaint further alleges that "[a]s of the date of this Complaint, [Bene Market and Miller] have failed to repay Plaintiff the entire outstanding amount owed on the Advances in accordance with the Promissory Note," (*id.* ¶ 24), and that Bene Market's and Miller's "breaches and defaults under the Promissory Note have not been cured," (*id.* ¶ 33). Complementing the allegations of existing defaults alleged in the Complaint, the declaration of Loyal representative John Welliver further confirms that as of the date of this Motion Bene Market and Miller have still failed to repay the funds advanced to them and remain in default. *See* Welliver Dec. at ¶ 11.

Accordingly, Loyal's Complaint more than sufficiently pleads every element of a breach of promissory note cause of action against both Bene Market and Miller. *See Giles*, 538 F. Supp. 2d at 994 (setting forth breach of promissory note elements); *see also First Nat'l Bank of Pa. v. Oceanic Protective Servs., LLC*, No. SA-19-CV-141-XR, 2019 WL 2329323, at *3 (W.D. Tex. May 31, 2019) (finding similar allegations for breach of a promissory note sufficient for

[6] Copies of these demand letters are also attached to the Welliver Declaration at Exhibits A.5 through A.7.

purposes of entering default judgment). The well pleaded factual allegations in the Complaint establishes a valid cause of action for breach of a promissory note against Bene Market and Miller that must be taken as true in light of their default. *See id.*; *see also Melendrez*, 2018 WL 507079, at *2.

**C. Loyal is Entitled to Entry of a Default Judgment Against Bene Market and Miller in an Amount of Not Less than $162,166.32, Plus all Pre- and Post-Judgment Interest and Costs and Attorneys' Fees.**

Having established Loyal's entitlement to a default judgment in its favor based on Bene Market's and Miller's admission of the well pleaded allegations in the Complaint, the only remaining step for the Court is to determine the relief that Loyal is entitled to receive. *Melendrez*, 2018 WL 507079, at *2 (citing *1998 Freightliner Vin #: 1FUYCZYB3WP886986*, 548 F. Supp. 2d at 384). Federal Rule of Civil Procedure 54(c) states that "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." FED. R. CIV. P. 54(c). "In other words, the relief prayed for in a complaint defines the scope of relief available on default judgment." *1998 Freightliner Vin #: 1FUYCZYB3WP886986*, 548 F. Supp. 2d at 386 (citing FED. R. CIV. P. 54(c)). With respect to default judgments arising in contract actions, such as the present case, "a prayer for breach-of-contract damages will allow recovery of breach-of-contract damages upon default, even if the exact dollars and cents were not computed and pleaded in advance." *Ditech Fin., L.L.C. v. Naumann*, 742 F. App'x 810, 814 (5th Cir. 2018) (citing *Henry v. Sneiders*, 490 F.2d 315, 317 & n.2 (9th Cir. 1974)).

Turning to the relief sought in the Complaint, Loyal prayed for "damages against Defendants, jointly and severally, in an amount not less than $152,488.45, plus all applicable interest, default interest, and pre- and post-judgment interest at the highest lawful rate" as well as "recovery of its costs of court and collection, expenses, and reasonable and necessary attorneys' fees." (Doc. 24 at p. 23). This requested relief is consistent with the relief Loyal requested in its

count one against Bene Market and Miller for "entry of judgment jointly and severally against [Bene Market and Miller] in an amount not less than $152,488.45, plus all applicable interest, default interest, cost of court and collection, and reasonable attorneys' fees in such additional amounts that Plaintiff will quantify and request." (*Id.* ¶ 35).

The Welliver Declaration attached hereto quantifies the current amount of the debt through December 2, 2019. Since filing the Complaint, pre-judgment interest accrual on the underlying debt at the rate set forth in the promissory note has caused the amount Bene Market and Miller owe to Loyal to increase to $162,166.32. Welliver Dec. at ¶ 11; Ex. A.8. That amount consists of $100,140.45 in the unpaid advances and $62,025.87 in accrued interest. Welliver Dec. at ¶ 11; Ex. A.8. That amount also takes into account receipt of $6,553.74 in commission renewals from the few remaining insurance policies Bene Market and Miller helped procure before their agreements with Loyal were terminated, and the commission renewals have already been applied to reduce the outstanding debt balance. Welliver Dec. at ¶ 11; Ex. A.8. Because the relief Loyal requested in the Complaint was for "not less than" the amount of the debt at the time the Complaint was filed (Doc. 24 at ¶ 35 and p. 23), and also sought recovery of additional accrued interest and other amounts "that Plaintiff will quantify and request," (*id.* ¶ 35), awarding Loyal a default judgment that takes post-filing accrued interest into account is permissible under, and consistent with, Rule 54(c). *See Ditech Fin., L.L.C. v. Naumann*, 742 F. App'x at 814 (citing *Henry*, 490 F.2d at 317 & n.2 (holding that prayer "for additional damages for breach of contract, the amount of which was to be proved at trial" authorized default judgment in amount greater than known amount identified in complaint); *see also Alutiiq Int'l Sols., LLC v. OIC Marianas Ins. Corp.*, 149 F. Supp. 3d 1208, 1214 (D. Nev. 2016) (awarding

increased default amount as permissible under Rule 54(c) when complaint sought "an amount that would be proven at trial but no less than [a lower sum certain]").

As demonstrated and proven in the Welliver Declaration, Loyal is entitled to entry of a default judgment against Bene Market and Miller in the amount of not less than $162,166.32. Loyal is also entitled to a final judgment awarding it this $162,166.32 amount against Bene Market and Miller plus "post-judgment interest at the highest lawful rate," and plus "recovery of [Loyal's] costs of court and collection, expenses, and reasonable and necessary attorneys' fees" as prayed for in the Complaint. (Doc. 24 at p. 23). Following entry of a default judgment in Loyal's favor, Loyal reserves the right pursuant to Federal Rule of Civil Procedure 54(d) and Local Rule CV-7(j) to file a motion seeking an additional sum certain amount of costs and attorneys' fees be added to the default judgment amount as part of the final judgment.

In conclusion, Loyal is entitled to a default judgment against Bene Market and Miller, jointly and severally, in the amount of not less than $162,166.32.

## III. <u>REQUEST FOR ENTRY OF DEFAULT WITHOUT FURTHER HEARING</u>

"'Rule 55(b)(2) does not require the district court to hold either an evidentiary hearing or oral argument' before entering a default judgment." *SUA Ins. Co. v. Buras*, 421 F. App'x 384, 385 (5th Cir. 2011) (per curiam) (quoting *S.E.C. v. First Fin. Grp. of Tex., Inc.*, 659 F.2d 660, 669 (5th Cir. 1981)); *see also UnitedHealthcare Ins. Co. v. Holley*, 724 F. App'x 285, 289 (5th Cir. 2018) (finding no abuse of discretion in trial court not holding evidentiary hearing because "the damages amount was for a sum certain and was supported by a detailed factual affidavit as well as other evidence in the record") (citing FED. R. CIV. P. 55(b)(1)); *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993) (holding that rule 55(b)(2) "grants the district court wide latitude" whether to hold an evidentiary hearing on default judgment damages).

"[W]hen the amount of damages or costs can be determined with certainty by reference to the pleadings and supporting documents, and when a hearing would not be beneficial, a hearing is unnecessary." *Can Capital Asset Servicing, Inc. v. Walker*, No. 1:17-CV-1147-RP, 2019 WL 2298703, at *3 (W.D. Tex. May 30, 2019) (citing *James*, 6 F.3d at 310). An evidentiary hearing is therefore not warranted when the amount claimed is liquidated and computed with certainty and accompanied by "a detailed affidavit and documents that establish the necessary facts in support of Plaintiff's claim for damages." *Nautilus Ins. Co.*, 2019 WL 1473140, at *7.

Here, in line with the above authorities, Loyal respectfully submits that the attached declaration of John Welliver, along with the supporting documents attached thereto, including the extracted image of Loyal's system's computation of the outstanding debt balance found in Exhibit A.8, compute the amount of the debt owed to Loyal with certainty. *See* Welliver Dec. at ¶¶ 10–11; Ex. A.8. Loyal therefore requests that the Court enter default judgment in the amount of $162,166.32 against Bene Market and Miller without the necessity of holding an evidentiary hearing because the debt balance can be computed with certainty from the Welliver Declaration and supporting exhibits.

## IV. CONCLUSION

WHEREFORE, Plaintiff Loyal American Life Insurance Company respectfully requests that the Court enter, or order the District Clerk to enter, a default judgment against Bene Market and Miller in the amount of at least $162,166.32, and subject to Loyal's right to seek additional costs and attorneys' fees prior to entry of a final judgment against Bene Market and Miller, and for such additional and further relief as the Court deems just and proper.

**DATED** June 22, 2020.

Respectfully Submitted,

/s/ Steve Humeniuk
**Stephen J. Humeniuk**
Texas Bar No. 24087770
LOCKE LORD LLP
600 Congress Ave., Suite 2200
Austin, Texas 78701
(512) 305-4700
(512) 305-4800 (Facsimile)
stephen.humeniuk@lockelord.com

**ATTORNEYS FOR PLAINTIFF LOYAL AMERICAN LIFE INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on this 22nd day of June, 2020 to the following, with service via U.S. Mail:

Bene Market LLC
8 The Green Ste. A
Dover, DE 19901
***Defendant***

Stephanie Miller
485 Knorr Rd.
Gettysburg, PA 17325
***Defendant***

Michael Howard
15636 Glencrest Avenue
Delray Beach, FL 33446
***Defendant***

Steve Humeniuk

Stephen J. Humeniuk